# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHAROLYN A. BRANNON** | § | **PLAINTIFF** |
| | § | |
| v. | § CIVIL ACTION NO. 1:08CV171-LG-RHW | |
| | § | |
| **WAL-MART STORES, INC.** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [26] filed by the defendant, Wal-Mart Stores, Inc. The plaintiff, Sharolyn A. Brannon, did not respond to the Motion. Upon reviewing the Motion and the applicable law, the Court finds that there is no genuine issue of material fact, such that Wal-Mart is entitled to judgment as a matter of law.

### FACTS

On October 7, 2007, Brannon and her granddaughter went to the Wal-Mart in Lucedale, Mississippi, to buy flowers. (Ex. B to Def.'s Mot. at 7, 9). They intended to enter the store at the garden center entrance, but Brannon fell on the asphalt in the parking lot before she reached the entrance. (*Id.* at 17). Brannon testified during her deposition that she did not see what had caused her to fall on the day of her accident, but it felt as though something stopped or caught her foot as she was walking, which caused her to fall sideways. (*Id.* at 35-36). She underwent surgery for her injury. (*Id.* at 38). After she regained her mobility after the accident, Brannon and her husband went to the Wal-Mart in order to determine what might have caused her to fall. (*Id.*) They found two indentations in the asphalt that they believed may have caused the fall. (*Id.* at 38, 42). However, she does not know which indentation might have caused her fall, and she has admitted that she does not know whether the indentations were present in the asphalt on the

day that she fell. (*Id.* at 101; Ex. A). She also testified that she used the garden center entrance to the store frequently before her accident, and she had never noticed the indentations before. (Ex. B to Def.'s Mot. at 87). She thinks that her foot might have entered one of the indentations, causing her foot to catch. (*Id.* at 92-93).

Wal-Mart retained an expert in industrial construction, Lance McCarty, to examine the indentations that were identified by Brannon. (Ex. 6). He determined that each of the indentations were no more than two inches wide by three inches long and less than one-eighth of an inch deep. (*Id.*) He opined that both areas were within normal construction tolerances. (*Id.*) He also opined that there were no areas in the asphalt that needed repair and that the overall area of the asphalt where Brannon fell was within acceptable norms for sidewalk and parking lot construction. (*Id.*)

## DISCUSSION

Pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, any party to a civil action may move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett*, 477 U.S. at 324-25.

As noted above, Brannon has failed to respond to Wal-Mart's Motion. A motion for

summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

It is undisputed that Brannon was an invitee of the Wal-Mart store. Therefore, Wal-Mart had a duty to keep its premises in a reasonably safe condition, a duty to warn of any dangerous conditions not readily apparent that it knew about or should have known about in the exercise of reasonable care, and a duty to conduct reasonable inspections to discover dangerous conditions existing on the premises. *See Pigg v. Express Hotel Partners*, LLC, 991 So. 2d 1197, 1199-1200 (¶5) (Miss. 2008). However, a premises owner is not an insurer of the safety of invitees. *Pigg*, 991 So. 2d at 1199 (¶5).

The Fifth Circuit recently held:

> Mississippi courts have repeatedly held that normally encountered dangers such as curbs, sidewalks, and steps are not hazardous conditions. These normally occurring dangers often contain cracks and changes in elevation; they do not become hazardous conditions simply because they contain minor imperfections or defects.

*Parker v. Wal-Mart Stores, Inc.*, No. 07-60220, 261 Fed. Appx. 724, 726-27 (5th Cir. Jan. 10, 2008). In *Parker*, the Court held that a crack in a curb that was about three and a half inches

wide, two inches deep, and partially obscured by red paint did not constitute an unreasonably dangerous condition. *Parker*, 261 Fed. Appx. at 725, 727-28.

In order to survive summary judgment, an invitee must produce more evidence than the mere occurrence of an injury. *Pigg*, 991 So. 2d at 1200 (¶8). Additionally, "[p]roof merely of the occurrence of a fall on a floor within [a] business['s] premises is insufficient to show negligence on the part of the proprietor." *Bernard v. 33 Foods, Inc.*, 905 So. 2d 1290, 1292 (¶8) (Miss. Ct. App. 2004) (quoting *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)). For example, in *Robinson v. Miss. Valley Gas Co.*, 760 So. 2d 41 (Miss. Ct. App. 2000), and *Bernard v. 33 Foods, Inc.*, 905 So. 2d 1290 (Miss. Ct. App. 2004), the Mississippi Court of Appeals held that the premises owners were entitled to summary judgment where the invitees did not know what caused them to fall, but merely speculated that they may have fallen because it was raining outside and there was no mat inside the premises. *Robinson*, 760 So. 2d at 43 (¶9); *Bernard*, 905 So. 2d at 1292 (¶¶8-9). In *Robinson*, the Court explained:

> There are reasons for an invitee to fall other than the negligence of the premises owner. Robinson presented no evidence to suggest that the owner's negligence was any more likely than other explanations. . . . Neither we, nor more importantly a jury, may engage in speculative fact-finding. A preponderance of evidence for judgment cannot arise from the absence of evidence.

*Robinson*, 760 So. 2d at 43 (¶9).

In the present case, Brannon does not know what caused her to fall. She speculates that two small indentations in the asphalt may have caused her fall, but there is absolutely no evidence before the Court that these indentations even existed on the day she fell. Therefore, the Court finds that there is no evidence that the condition of the asphalt caused Brannon's fall.

Additionally, even if the imperfections in the asphalt had caused the fall, the Court finds that the asphalt was not unreasonably dangerous. The imperfection in the asphalt in the present case was even smaller than that in the *Parker* case discussed *supra*. Additionally, Wal-Mart has produced expert testimony that the asphalt does not need to be repaired and is within normal construction tolerances. This expert testimony has not been contested by Brannon. As a result, Wal-Mart is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [26] filed by the defendant, Wal-Mart Stores, Inc., is **GRANTED**. Brannon's claims against Wal-Mart are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 13th day of March, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE